[Cite as *Supplee v. Ohio Rail Dev. Comm.*, 2023-Ohio-1383.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| CHARLES SUPPLEE | Case No. 2022-00263JD |
| Plaintiff | Judge Patrick E. Sheeran<br>Magistrate Scott Sheets |
| v. | |
| OHIO RAIL DEVELOPMENT<br>COMMISSION | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} Defendant's February 1, 2023 motion for summary judgment is now fully briefed and before the Court for a non-oral hearing pursuant to L.C.C.R. 4(D). Plaintiff's complaint asserts claims for adverse possession and trespass against Defendant, Ohio Rail Development Commission (the Commission). In its motion, the Commission argues that it is entitled to judgment as a matter of law because (1) the Court of Claims lacks subject-matter jurisdiction over actions against the Commission, (2) claims for adverse possession and claims to quiet title cannot be asserted against the state, and (3) the Commission could not have trespassed on its own land. Upon review, the Court GRANTS Defendant's motion for summary judgment.

{¶2} In reviewing motions for summary judgment pursuant to Civ.R. 56, it is well-established that the Court may grant summary judgment when, after

> construing the evidence most strongly in favor of the nonmoving party:
> (1) there is no genuine issue of material fact; (2) the moving party is entitled
> to judgment as a matter of law; and (3) reasonable minds can come to but
> one conclusion, that conclusion being adverse to the nonmoving party.

*Robinette v. Orthopedics, Inc.*, 10th Dist. Franklin No. 97AP-1299, 1999 Ohio App. LEXIS 2038, 7 (1999).

{¶3} Citing R.C. 4981.14(B)(4), the Commission initially argues that the Court of Claims lacks subject-matter jurisdiction over Plaintiff's claims. The Court agrees.

R.C. 4981.14(B)(4) provides, in relevant part, that "[a]ny actions against the [C]ommission shall be brought in the court of common pleas in Franklin county." Thus, the Court finds that the plain language of R.C. 4981.14(B)(4) mandates that claims against the Commission must be filed in the Franklin County Court of Common Pleas. Consequently, Defendant is entitled to judgment as a matter of law. As the Court lacks subject-matter jurisdiction, it declines to address Defendant's other arguments in support of its motion for summary judgment.

{¶4} For the above reasons, the Court GRANTS Defendant's motion for summary judgment. As the Court lacks subject-matter jurisdiction, Plaintiff's Complaint is DISMISSED without prejudice. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed March 24, 2023**
**Sent to S.C. Reporter 4/27/23**